RECEIVED
DEC 18 2023
S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS GARCIA-LORA,
    PETITIONER,                    CASE NO. 21-CR-00066
        V.
UNITED STATES OF AMERICA,
    RESPONDENT.

## MOTION FOR A SENTENCE REDUCTION PER 18 U.S.C. SEC. 3582(c)(2) UNDER U.S.S.C. AMENDMENT NO. 821

COMES NOW PETITIONER, LUIS GARCIA-LORA REG. NO. 87810-054 PRO-SE PURSUANT TO HAINES V. KERNER, 404 U.S. 519-520 (1972) BEFORE THIS HONORABLE COURT SEEKING A REDUCTION OF HIS SENTENCE PURSUANT TO 18 U.S.C. SEC. 3582(c)(2) UNDER U.S.S.C. AMENDMENT 821, RECENTLY ADOPTED BY THE UNITED STATES SENTENCING COMMISSION ("U.S.S.C."). THE AMENDMENT ALLOWS FOR A TWO-LEVEL REDUCTION FOR PETITIONERS WITH ZERO CRIMINAL HISTORY POINTS.

THE PETITIONER REQUEST THAT THE COURT CONSIDERS HIS POST-CONVICTION BEHAVIOR. SEE: PEPPER V. UNITED STATES, 562 U.S. 476 (2011) AND CONCEPCION V. UNITED STATES, 142 S.CT. 2389, 2396 (2022), AND RE-SENTENCE HIM TO THE LOWEST LEVEL PERMITTED WITHIN THE AMENDED GUIDELINE RANGE.

## I. BRIEF FACTUAL AND PROCEDURAL BACKGROUND.

1. PETITIONER WAS INDICTED AND ARRESTED ON FEBRUARY 16, 2020 AND CHARGED WITH VIOLATING 21 U.S.C. SEC. 846.

2. IN A PLEA BARGAIN THE PETITIONER PLED GUILTY AND WAS SENTENCED TO 40 MONTHS OF INCARCERATION ON MARCH 15, 2022.

3. PETITIONER DID NOT FILE A DIRECT APPEAL OR ANY OTHER MOTIONS.

## II. Discussion

### A. Legal Standard

On May 1, 2023, the U.S.S.C. issued new policies to become effective on November 1, 2023, including a new section to be added to the Guidelines Manual, known as 4C1.1, entitled "Adjustment for Certain Zero Point Offenders." The added guideline states, if the petitioner meets all of the following criteria the court may decrease the offense level determined under Chapters Two and Three by 2 levels:

(1). The petitioner did not receive any criminal history points from Chapter Four, Part A;

(2). The petitioner did not receive any [terroism] adjustments under 3A1.4;

(3). The petitioner did not use violence or credible threats of violence in connection with the offense;

(4). THE OFFENSE DID NOT RESULT IN DEATH OR SERIOUSLY BODILY INJURY;

(5). THE OFFENSE OF CONVICTION IS NOT A SEX OFFENSE;

(6). THE PETITIONER DID NOT PERSONALLY CAUSE SUBSTANTIAL FINANCIAL HARDSHIP;

(7). THE PETITIONER DID NOT POSSES, RECEIVE, PURCHASE, TRANSPORT, TRANSFER, SELL, OR OTHERWISE DISPOSE OF A FIREARM OR OTHER DANGEROUS WEAPON (OR INDUCE ANOTHER PARTICIPANT TO DO SO) IN CONNECTION WITH THE OFFENSE;

(8). THE INSTANT OFFENSE OF CONVICTION IS NOT COVERED BY OFFENSES INVOLVING INDIVIDUAL RIGHTS (2H1.1);

(9). THE PETITIONER DID NOT RECEIVE AN ADJUSTMENT INVOLVING A HATE CRIME MOTIVATION OR VULNERABLE VICTIM (3A1.1) OR SERIOUS HUMAN RIGHTS OFFENSE (3A1.5); AND

(10). THE PETITIONER DID NOT RECEIVE AN ADJUSTMENT INVOLVING AN AGGRAVATING ROLE (3B1.1) AND WAS NOT ENGAGED IN A CONTINUING CRIMINAL ENTERPRISE, AS DEFINED IN 21 U.S.C. SEC. 848.

IN THE EVENT THE PETITIONER IS NOT EX- CLUDED, "THE COURT SHALL DETERMINE THE AMENDED GUIDELINE RANGE THAT WOULD HAVE BEEN APPLICABLE TO THE [PETITIONER] IF THE AMENDMENT TO THE GUIDELINE... HAD BEEN IN EFFECT AT THE TIME THE [PETITIONER] WAS SENTENCED." U.S.S.G. SEC. 1B1.10(b)(1).

THE COMMENTARY TO THE POLICY STATEMENT ALLOWS THAT THE "COURT MAY CONSIDER POST-SENTENCING CONDUCT (e.g. PEPPER AND CONCEPCION) IN DETERMINING WHETHER A REDUCTION IS WARRANTED, AND THE EXTENT OF SUCH A REDUCTION, BUT ONLY WITHIN THE LIMITS [OF THE AMENDED GUIDE- LINE RANGE]." U.S.S.G. SEC. 1B1.10 COMMEN- TARY (1)(B)(iii).

—5—

## B. RETROACTIVITY

THE COMMISSION HAS ISSUED A RESTRICTION ON THE TIMING OF ANY REDUCTION FOR THOSE WHO HAVE BEEN SENTENCED PRIOR TO NOVEMBER 1, 2023. "THE COURT SHALL NOT ORDER A REDUCED TERM OF IMPRISONMENT BASED ON [AMENDMENT] 821 UNLESS THE EFFECTIVE DATE OF THE COURT'S ORDER IS FEBRUARY 1, 2024 OR LATER." U.S.S.G. SEC. 1B1.10(e)(2).

THEREFORE SHOULD THIS MOTION BE FILED PRIOR TO FEBRUARY 1, 2024, THE PETITIONER ASKS THAT THIS BE HELD IN ABEYANCE UNTIL AFTER THE DATE OF RETROACTIVITY.

## C. PETITIONER'S ARGUMENT

THE U.S.S.C. HAS OUTLINED THE ELIGIBILITY REQUIREMENTS IN THE NEW SEC. 4C1.1 AS WRITTEN ABOVE. THE PETITIONER MEETS ALL OF THE CRITERIA FOR THE REDUCTION AND AVERS THAT THE HONORABLE COURT GRANT HIM A SENTENCE REDUCTION.

THE COURT ORIGINALLY IMPOSED A SENTENCE OF 40 MONTHS, BASED ON AN OFFENSE LEVEL OF 21 AND A CRIMINAL HISTORY OF 0. IF THE COURT GRANTS THIS MOTION, MY AMENDED RANGE WOULD BE 30-37 MONTHS. A SENTENCE OF 30 MONTHS WOULD SERVE TO REDUCE THE PETITIONER'S SENTENCE.

THE PETITIONER ASKS THAT THE COURT CONSIDER HIS POST-SENTENCING CONDUCT PER SEC. 3553(a). HE HAS PURSUED PROGRAMMING TO A GREATER DEGREE THAN ANY OTHER SIMILARLY SITUATED INMATE, AND HAS BEEN FREE FROM DISCIPLINARY ACTIONS.

THE SENTENCING COMMISSION'S RECIDIVISM STUDIES HAVE SHOWN THAT OFFENDERS WITH ZERO CRIMINAL HISTORY POINTS ARE 49% LESS LIKELY TO BE RE-ARRESTED FOLLOWING THEIR RELEASE THAN OTHER FEDERAL OFFENDERS. PLEASE CONSIDER THESE STATISTICAL FACTS.

## III. CONCLUSION

THEREFORE, BASED ON THE ABOVE FACTS, AND STATUTES, THE PETITIONER ASKS THAT THIS HONORABLE COURT REDUCE HIS SENTENCE TO 30 MONTHS. THE PETITIONER BELIEVES HE WILL BE A POSITIVE INFLUENCE ONCE RELEASED TO HIS FAMILY, AND COMMUNITY.

RESPECTFULLY SUBMITTED

*Luis Garcia* (signature)

LUIS GARCIA-LORA
REG. NO. 87810-054
FCI-FT. DIX / CAMP
P.O. BOX 2000
JOINT BASE MDL., NJ 08640

DATE: 12/11/2023

## IV. CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES THAT PURSUANT TO 28 U.S.C. SEC. 1746, A TRUE COPY OF THIS MOTION PER 18 U.S.C SEC. 3582(c)(2) WAS PLACED INTO THE MAILING SYSTEM OF FCI-FT. DIX/CAMP ON THE DATE SHOWN BELOW, USING FIRST CLASS, U.S. MAIL, PRE-PAID TO:

1. CLERK, U.S. DISTRICT COURT
500 PEARL STREET, RM. 120
NEW YORK, NY 10007

2. OFFICE OF U.S. ATTORNEY
ONE ST. ANDREWS PLAZA
NEW YORK, NY 10007

DATE MAILED: 12/11/2023

RESPECTFULLY SUBMITTED,

*Luis Garcia*
LUIS GARCIA-LORA
REG. NO. 87810-054

The application for a reduction of sentence, pursuant to 18 U.S.C. Section 3582, to 30 months' imprisonment is denied. While Mr. Garcia-Lora is entitled to the possibility of the benefit of the amendment to U.S.S.G. Section 4C1.1, which reduces the offense level by 2 for certain defendants who had zero criminal history points, the extent of that benefit is limited. As the Government notes, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A). That policy statement is binding on district courts, and bars resentencing a defendant below the low-end of the new Guidelines range. See United States v. Erskine, 717 F.3d 131, 132-33 (2d Cir. 2013) (holding that the district court did not err in refusing to apply a downward variance, because, "§ 1B1.10 bound the District Court").

Here, the two level downward adjustment to which Mr. Garcia-Lora is entitled under the new version of Section 4C1.1 reduces the application guidelines range from 70-87 months to 57-71 months. It does not, as Mr. Garcia-Lora asserts, reduce the applicable range to 30-37 months. This is fatal to Mr. Garcia-Lora's application, because the Court imposed a sentence of 40 months' imprisonment, well below the low end of the Guidelines range that now applies to this case. Therefore, the Court cannot, even if it wanted to, reduce Mr. Garcia-Lora's sentence any more, let alone to the requested 30 months' imprisonment.

So Ordered.

*[signature]*

1/9/24

